***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission AFFIRMS the Decision and Order of Deputy Commissioner Holmes with minor modifications.
 ***********
The pleadings of the parties and evidence at the trial of this civil action raise one:
 ISSUE
Were Defendant's agents and employees negligent where Defendant's employees lawfully confiscate Plaintiff's footwear pursuant to lawful administrative regulations and *Page 2 
Defendant's employees were to mail the footwear to an individual named by Plaintiff and the footwear did not arrive?
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. Plaintiff Eli Bostic, a prison inmate in the custody of Defendant North Carolina Department of Correction, initiated this civil action on February 2, 2007 by filing a Tort Claim Affidavit.
2. Plaintiff alleges that a pair of boots belonging to him were wrongfully taken on October 12, 2006 by Defendant's employees at Pamlico Correctional Institution and subsequently lost or destroyed when they should have been mailed out to an address provided by Plaintiff.
3. At trial, Plaintiff asserted that the negligence upon which his tort claim was based was that of Correctional Officer Creighton. Plaintiff specifically contends that Officer Creighton breached a duty of care owed to Plaintiff when he failed to ensure that the confiscated pair of boots arrived at the address to which Plaintiff instructed they be mailed.
4. Plaintiff presented no compelling evidence that the pair of boots did not arrive at the address Plaintiff provided.
5. Assuming arguendo that the boots were in fact lost, Plaintiff also failed to present evidence that by its greater weight establishes that the boots were lost by the acts or omissions of an employee of Defendant rather than resulting from actions or omissions by the United States Postal Service.
 *********** *Page 3 
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State, "under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Plaintiff bears the burden of proving by a preponderance of the evidence the existence of the elements of common law negligence: that the defendant, through an officer, employee, involuntary servant, or agent, breached a duty owed to the plaintiff, and that the plaintiff suffered an injury which was proximately caused by this breach of duty. Hairston v. AlexanderTank Equip. Co., 310 N.C. 227, 232, 311 S.E.2d 559, 564 (1984).
3. Plaintiff has failed to prove by the greater weight of the evidence that his boots were lost by acts or omissions of agents or employees of the Defendant. As Plaintiff has failed to carry the burden of proving his tort claim by a preponderance of the evidence, his claim is therefore subject to dismissal with prejudice. N.C. Gen. Stat. § 143-291(a).
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff shall recover nothing from Defendant.
2. Plaintiff's claim must be and is hereby DISMISSED WITH PREJUDICE.
This the ___ day of January 2010.
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1